1  BENJAMIN B. WAGNER
   United States Attorney
2  NIRAV K. DESAI
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5
6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO. 2:13-CR-0238 KJM

12                    Plaintiff,           STIPULATION AND PROTECTIVE ORDER

13              v.

14  WILLIAM THEODORE LEWIS;
    LORI MARIE DAHL,
15
                      Defendant.
16

17

18      WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain

19  sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this

20  matter, or to defendants WILLIAM THEODORE LEWIS and LORI MARIE DAHL in this case as

21  provided below;

22      WHEREAS, the sensitive but unclassified discovery materials at issue include information

23  pertaining to victims or potential victims in this case, including personal identifying information and

24  what the government has represented are access device numbers such as bank account numbers, credit

25  card numbers, etc.;

26      WHEREAS, such sensitive but unclassified discovery materials shall be identified as sensitive

27  and subject to a protective order at the time of disclosure, whether on the documents or other materials

28  (e.g., CDs/DVDs) themselves or in an accompanying cover letter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in this case; and

WHEREAS, the defendants, WILLIAM THEODORE LEWIS and LORI MARIE DAHL, have counsel ("Defense Counsel") who wish the opportunity to review the discovery;

Defendants WILLIAM THEODORE LEWIS and LORI MARIE DAHL and plaintiff United States of America, by and through their counsel of record, hereby agree and stipulate as follows:

1.  This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2.  This Order pertains to all discovery provided to or made available to Defense Counsel that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known as "the protected discovery").

3.  Defense Counsel shall not disclose any of the protected discovery to any person other than their respective clients, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of their respective clients.  However, at no time shall either defendant be permitted to review the protected discovery outside of the presence of his or her attorney, and Defense Counsel shall not leave any of the protected discovery with either defendant at the jail or other institution where that defendant is being held in custody.

4.  The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.  The protected discovery is now and will forever remain the property of the United States Government.  Defense Counsel will return the discovery to the Government or certify that it has been shredded at the conclusion of the case.

5.  Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons or their respective clients in violation of this agreement.

6.  If Defense Counsel releases custody of any of the discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of this Order and advise that person that the protected discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with

1    the litigation of this case and for no other purpose, and that an unauthorized use of the protected

2    discovery may constitute a violation of law and/or contempt of court.

3         7.     In the event that either defendant obtains substitute counsel, undersigned Defense

4    Counsel agree to withhold the protected discovery from new counsel unless and until substituted counsel

5    agrees to be bound by this Order.

6         8.     Defense Counsel shall be responsible for advising their respective clients, employees, and

7    other members of the defense team of the contents of this Stipulation/Order.

8         IT IS SO STIPULATED.

9    Dated: July 30, 2013                     Respectfully submitted,

10

11                                      BENJAMIN B. WAGNER
                                     United States Attorney

12                    By:     /s/  Nirav K. Desai
                                     NIRAV K. DESAI

13                                      Assistant U.S. Attorney

14

15                                      HEATHER E. WILLIAMS
                                     FEDERAL DEFENDER

16

17                    By:     /s/ Timothy Zindel
                                     (authorized on July 30, 2013)

18                                      TIMOTHY ZINDEL, ESQ.
                                     Assistant Federal Defender

19                                      Counsel for WILLIAM THEODORE LEWIS

20                    By:     /s/ Candace Fry
                                     (as authorized on July 23, 2013)

21                                      CANDACE FRY, ESQ.
                                     Counsel for LORI MARIE DAHL

22

23                                **ORDER**

24         IT IS SO FOUND AND ORDERED.

25    DATED: July 31, 2013

26

27

28                                      UNITED STATES DISTRICT JUDGE